OPINION OF THE JUSTICES OF THE SUPREME COURT TO THE HONORABLE THE SENATE OF THE STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS.

APRIL 17, 1931.

*To the Honorable, the Senate of the State of Rhode Island and Providence Plantations:*

We have received from the Honorable Senate a resolution requesting an opinion upon a question of law, as follows:

"Has the town clerk of the town of Westerly authority to issue his warrant calling a special financial town meeting upon the request in writing of ten per centum of the electors of the town of Westerly qualified to vote upon any proposition to impose a tax or for the expenditure of money, as required by section 6 of chapter 48 of the general laws of Rhode Island, 1923, for the purpose of considering the following subject or resolution:

" 'Resolved, That the senator and representatives from this town in the general assembly be, and they are hereby, instructed and directed to endeavor to procure by proper legislation the repeal of chapter 1450 of the public laws, passed at the January session of the general assembly, A. D., 1916, entitled, 'An act creating a board of highway commissioners in the town of Westerly'?' "

Enclosed with said resolution is a certified copy of a resolution of the town council of said town requesting its

senator to endeavor to secure the passage by the Honorable Senate of a resolution requesting our written opinion upon the question submitted.

The written opinions given by the Judges of this court, when requested, to the Governor or to either house of the General Assembly under the second section of the twelfth amendment of the constitution are not decisions of this court but are merely advisory in their nature. *Taylor* v. *Place*, 4 R. I., 324; *In Re Election of U. S. Senators*, 41 R. I. 209.

The general powers of the towns in this State are set forth in G. L., 1923, Chapter 47, entitled: "Of the Powers of, and of Suits By and Against, Towns." Section 10 of said chapter provides that every town shall also have and exercise all the existing powers and privileges conferred upon it by its charter, or by the several acts of the General Assembly specially relating to it. The powers of a town, unless otherwise provided, are exercised by vote of a town meeting or of the town council. (C. 51, s. 4.)

The question of the authority and the duty of the town clerk to call a special financial town meeting is predicated on the provisions of Section 6, Chapter 48, G. L., 1923. Section 6 provides that whenever the town council, or whenever ten per cent of the electors of any town shall make a request in writing, for the calling of a town meeting to transact any business relating to such town in respect of which they shall have a right to vote, and direct the same to the town clerk, such town clerk shall cause the electors to be duly notified of the time when and the place where the same is to be holden and of the business proposed to be transacted therein.

The authority of the town clerk is by the statute restricted to the call of a special meeting when the business proposed to be transacted is business relating to the town in respect to which the electors have a right to vote.

The members of the General Assembly are elected by all of the qualified electors of the town and not by such electors only as are qualified to vote in a financial town meeting. The repeal of Chapter 1450, and the proposed instruction

to the senator and representatives, is a matter of business in which all of the electors have an interest, and any instruction to the representatives of the town in the General Assembly should emanate from the same class of voters who elect the representatives and not from a part only of such voters.

It is plain that the electors qualified to vote in a financial town meeting have no legal right to exclude the rest of the electorate from the privilege of voting on the proposed business. We think that officers of the town have no authority to expend its money for the holding of the proposed special financial town meeting in which only a limited number of electors can vote, and consequently we answer in the negative the question submitted.

We are not asked to give, nor do we express, any opinion as to whether a town meeting of all the qualified electors can lawfully be called to transact the business proposed. Inasmuch as the rights of all of the electors of said town would be involved we think that, if the opinion of this court should be desired upon such a question, it should be presented by some appropriate legal proceeding, so that adversary parties may have an opportunity for oral argument and the submission of legal authority.

> CHARLES F. STEARNS,
> ELMER J. RATHBUN,
> JOHN W. SWEENEY,
> JOHN S. MURDOCK,
> J. JEROME HAHN.